IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES JOHNSON, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-13-719 |
| JOHN S. WOLFE, et al. | * | |
| Defendants | * | |

\*\*\*

**MEMORANDUM**

Charles Johnson, the self-represented plaintiff, filed suit against defendants John S. Wolfe and Allen Gang, pursuant to 42 U.S.C. § 1983, alleging a wrongful prison classification. *See* ECF 1. Defendants have filed a motion to dismiss or for summary judgment ("Motion"), ECF 19, supported by several exhibits. Plaintiff has not responded.[1] No hearing is necessary to resolve this Motion. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, defendants' Motion, construed as a motion for summary judgment, shall be granted.

**Background**

Johnson is a Maryland prisoner incarcerated at Jessup Correctional Institution ("JCI"). Defendant Wolfe is the Warden and defendant Gang is the Chief of Security. ECF 1. Plaintiff alleges that he was once part of a Security Threat Group ("STG"). However, he claims that, since 2009, he has been "deafiliated" from the group. ECF 1 at 3. Nevertheless, he claims that every time that group is "involved in something" he gets punished. According to plaintiff, he has

---

[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on November 19, 2013, plaintiff was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his case. ECF No. 20. Plaintiff was informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

tried "to sign a deafiliation form" but his requests "fall on deaf ears." *Id*. For relief, plaintiff requests removal from the STG list and transfer to another facility. ECF 1.

According to defendants, plaintiff is a confirmed member of a prison gang known as Dead Man Incorporated ("DMI"). ECF 19-1 at 2; ECF 19-2, Ex. 1, Declaration of Lieutenant Ronel Legrand, at ¶ 5. Lieutenant Legrand works in intelligence at JCI and is responsible for validating and monitoring the activities of STGs. He has been employed by the Maryland Department of Public Safety and Correctional Services for about 13 years. ECF 19-2, ¶¶ 2, 3. Lieutenant Legrand is unaware of any attempts by plaintiff to renounce his affiliation with DMI. *Id*. ¶ 7. *See also* attachments to ECF 19-3, Declaration of Rolisa Carter, JCI Litigation Coordinator.

A prisoner in the Maryland Department of Corrections may request removal of his designation as a member of an STG by renouncing his membership in the group, completing an STG Renunciation Form, and successfully completing a formal debriefing process. Plaintiff has not notified the Intelligence Unit at JCI of his intent to renounce his membership in DMI. See ECF 19-2, Declaration of Lieutenant Legrand, 1 at ¶ 7. Nor has he filed any requests for administrative review regarding any alleged attempt by him to renounce his membership in DMI. ECF 19-4, Declaration of Correctional Officer Sergeant Shakeya Sellman, Administrative Remedy Coordinator at JCI, at ¶¶ 2, 5.

**Standard of Review**

Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. ECF No. 19. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431,

436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

A court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."). However, when the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261.

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not

consider it." 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. de Nemours and Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 448-49 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).[2]

---

[2] Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *20, 2011 U.S. Dist. LEXIS 14266, at *62 (D. Md. Feb. 14, 2011)). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995);

If a non-moving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods,* 302 F.3d at 244 (citations omitted).  But, the non-moving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit.  *Id.* (internal citations omitted).  According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'"  *Id.* at 244-45 (internal citations omitted).

Plaintiff has not filed an affidavit under Rule 56(d).  Moreover, I am satisfied that it is appropriate to address defendants' motion as one for summary judgment, because this will facilitate disposition of the case.

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

---

*see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

5

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). But, the court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).

Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation*, 477 U.S. at 323–24).

**Discussion**

The Prisoner Litigation Reform Act, 42 U.S.C. § 1997e (a), provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*See also Moore v. Bennette*, 517 F.3d 717, 725 (4 Cir. 2008).

The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). However, exhaustion is mandatory; when administrative remedies are available, unexhausted claims may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Plaintiff, a prisoner in a State penal facility, is subject to the strict requirements of available exhaustion provisions. It is of no consequence that plaintiff is aggrieved by a single occurrence, as opposed to a claim concerning general conditions of confinement. *See Porter v. Nussle*, 534 U.S. at 528 (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is required even when the relief sought, such as monetary damages, is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

The exhaustion requirement is predicated on the availability of administrative remedies. In *Moore v. Bennette*, *supra*, 517 F.3d at 725, the Fourth Circuit addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F. 3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F. 3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id*. at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Booth*, 532 U.S. at 735 (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F. 3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review). But, this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

"[F]ailure to exhaust is an affirmative defense under the PLRA…." *Jones*, 549 U.S. at 216. An affirmative defense is the "'defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's … claim, even if all allegations in the complaint are true.'" *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 271 (4th Cir. 2003) (emphasis added) (internal citations and some internal quotation marks omitted). The defendant bears the burden of pleading and proof as to an affirmative defense. *See*, *e.g.*, *Taylor v. Sturgell*, 553 U.S.

8

880, 90 (2008) ("Ordinarily, it is incumbent on the defendant to plead and prove [an affirmative] defense."); *Moore*, 517 F.3d at 725 (citing *Jones*, *supra*, 549 U.S. 199); *McNeill v. Polk*, 476 F.3d 206, 220 n.3 (4th Cir. 2007).

Plaintiff asserts that he filed a grievance, as required by the prison's administrative remedy procedure. *See* ECF No. 1 at 2. But, he concedes that he did not appeal the unfavorable decision. He explained: "I figure they would confirm what the institution says." Such subjective beliefs regarding the administrative process are not sufficient to excuse plaintiff's failure to exhaust remedies that were available to him.

According to defendants' uncontroverted exhibits, plaintiff has not initiated a grievance process or any other administrative process regarding his desire to renounce membership in a STG. *See* ECF 19, Exs. 1 & 3.[3] Thus, plaintiff's claims must be dismissed, because he has not satisfied the administrative exhaustion requirement under the PLRA or shown that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003). As plaintiff has failed to exhaust his administrative remedies, defendants' motion shall be granted.

Given plaintiff's failure to exhaust remedies, the court need not reach the merits of plaintiff's claim or address defendants' additional defenses.

A separate Order follows.

| | |
|---|---|
| June 11, 2014<br>Date | /s/<br>Ellen Lipton Hollander<br>United States District Judge |

---

[3] Defendants explain the administrative process in their legal memorandum, ECF 19-1 at 6-7, but failed to submit an affidavit to support their assertion. However, this omission is not material because, by plaintiff's own assertion, it is clear that plaintiff was aware of the grievance process and chose not to exhaust.